UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAUL CASKEY,<br><br>      Plaintiff,<br><br>      v.<br><br>SHRINERS HOSPITALS FOR CHILDREN; and PETER BREWER,<br><br>      Defendants. | No. 2:16-cv-00169-SAB<br><br>**ORDER GRANTING MOTION TO REMAND AND GRANTING COSTS** |

Before the Court is Plaintiff's Motion for Remand, ECF No. 6. The motion was heard without oral argument. Plaintiff is represented by Robert Dunn and Susan Nelson. Defendants are represented by Harry Korrell and Melissa Mordy.

### MOTION STANDARD

28 U.S.C. § 1441 permits a defendant to remove an action brought in state court to the district court of the United States if the district court would have original jurisdiction over the action. A plaintiff who contests the existence of removal jurisdiction may file a motion to remand. 28 U.S.C. § 1447(c); *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014). Specifically, section 1447(c) provides:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payments of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal.

**ORDER GRANTING MOTION TO REMAND
AND GRANTING COSTS ~ 1**

Challenges to the existence of removal jurisdiction may raise either a facial attack or a factual attack on the defendant's jurisdictional allegations. *Id*. The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *Id.*

## BACKGROUND FACTS

These facts are taken from Plaintiff's Complaint:

Plaintiff Paul Caskey is a former employee of Defendant Shriners Hospitals for Children ("Shriners"), located in Spokane, Washington. He is an orthopedic surgeon who began working at Defendant Shriners Spokane facility in 1992, becoming chief of staff in 2006. He served as the director of resident education at the Shriner's Spokane facility. He is also a clinical professor for the Uniformed Services University of the Health Sciences and holds faculty appointments at the University of Washington School of Medicine and Pacific Northwest University of Health Sciences School of Osteopathic Medicine. Throughout his career, Plaintiff authored and co-authored close to 30 articles in peer-reviewed journals, gave over 150 presentations and published several book chapters relating to or concerning orthopedics. At the time he filed the Complaint, he was 63 years old, and he intended to work until he was 67.

Defendant Peter Brewer is employed by Defendant Shriners as CEO and became hospital administrator of the Spokane facility in 2013. Defendant Brewer observed Plaintiff performing surgery, and subsequently questioned one of Plaintiff's surgical partners about a medical condition that Plaintiff suffered from. The complaint does not disclose the condition. Defendant Brewer then asked the surgical partner to opine whether Plaintiff's medical condition interfered with his

**ORDER GRANTING MOTION TO REMAND
AND GRANTING COSTS** ~ 2

surgical work. The partner said that Plaintiff's condition did not interfere with his ability to perform surgery.

Sometime in 2015, a vote of no confidence by the medical staff in Spokane was issued against Defendant Brewer. Plaintiff participated in the vote against Defendant Brewer.

In November 2015, after the vote of no confidence, Defendant Brewer and the Shriner's Spokane Board demanded Plaintiff's retirement. He was told that he would be fired if he did not resign. The Board told Plaintiff that he was a negative influence, although they commended him for his medical, surgical, teaching, and research skills.

### PROCEDURAL HISTORY / PLAINTIFF'S COMPLAINT

On April 19, 2016, Plaintiff brought suit in Spokane County Superior Court seeking damages and injunctive relief against Defendant Shriners and Defendant Brewer. In his complaint, Plaintiff alleged the following four causes of action:

1. Discrimination—RCW 49.60 *et seq*.
2. Wrongful Discharge in Violation of Public Policy
3. Retaliation—RCW 49.60 *et seq*.
4. Vicarious Liability

*References to Federal Law*

The Complaint contains three references to federal law and Defendants are relying on these references to argue federal subject matter jurisdiction. These references are in the FACTS section of the Complaint.

In paragraphs 11 and 12, there are two references to HIPAA and one reference to federal anti-discriminatory laws.

> 11. After observing Dr. Caskey conducting surgery, Defendant Brewer, violated *HIPAA* as well as both state and *federal laws against discrimination* when he questioned one of Dr. Caskey's surgical partners about a medical condition from which Dr. Caskey suffered. Egregiously, not only did Defendant Brewer unlawfully disclose and discuss Dr. Caskey's medical condition with one of

**ORDER GRANTING MOTION TO REMAND
AND GRANTING COSTS** ~ 3

Dr. Caskey's colleagues and surgical partners, he further inappropriately and invasively demanded Dr. Caskey's partner opine as whether Dr. Caskey's medical condition interfered with his surgical work. Notwithstanding the impropriety and unlawfulness of Defendant Brewer's inquiry, he was unequivocally advised that Dr. Caskey's medical condition in no way interfered with his ability to perform his surgical work. (ECF No. 1-2 ¶ 11) (emphasis added).

12. Importantly, Article 3 of Defendant Shriners' Spokane Hospital Medical Staff Bylaws specifies "*All members of the Medical and Scientific Staffs and Residents are subject to the requirements of Shriners Hospitals for Children's HIPAA Policies and Procedures for the Protection of Patient and Employee Health Information, Volume 1: Privacy.*" See Appendix A, §3.1-4(c) HIPAA Policies. Thus Defendant Brewer's disclosure of Dr. Caskey's medical condition not only violated state and *federal law*, it further violated Defendant Shriners' own policies as well. (ECF No. 1-2, ¶ 12) (emphasis added).

In addition, the first paragraph under each state law cause of action is "Plaintiff hereby incorporates the preceding paragraphs as if stated fully herein." (ECF No. 1-2, ¶¶ 27, 35, 39, 43).

On May 23, 2016, Defendants filed a Notice of Removal under 28 U.S.C. §§ 1331, 1441, and 1446 on the basis that the references to HIPAA implicate a significant federal issue, and because the complaint alleges Defendants violated federal anti-discrimination laws, there is a Title VII federal claim giving this Court original jurisdiction. ECF No 7 at 9-10. On June 16, 2016, Plaintiff filed a Motion for Remand. ECF No. 6.

### FEDERAL QUESTION JURISDICTION

Federal question jurisdiction exists in two categories of cases: if a plaintiff pleads (1) a federal cause of action; or (2) a state cause of action that implicates a significant federal issue. *Gunn v. Minton*, __ U.S. __, 133 S. Ct. 1059, 1064 (2013). The general rule is that "[a]s the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims." *Dennis v.*

*Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013) (citations omitted). Under the "well-pleaded complaint rule," federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpiller, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

"[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Stated another way, a "federal issue" is not "a password opening federal courts to any state action embracing a point of federal law." *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (internal quotation marks omitted).

Also, ["i]n some cases, federal jurisdictional requirements may preclude federal courts from entertaining a state law claim based on a violation of a federal statute." *Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007); *see also Merrell*, 478 U.S. at 814 (holding that "…the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system."). *Webb* involved a removed state action alleging HIPAA violations as an element of a California unfair competition claim. *Webb*, 499 F.3d at 1083. Quoting *Merrell*, the Ninth Circuit held that "[a] complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Id*. (citation omitted).

On the other hand, federal question jurisdiction exists for state claims that raise a significant federal issue, but this is "a special and small category of cases." *Gunn*, 133 S. Ct. at 1064 (citations omitted). Generally, the lack of a federal cause of action weighs against granting federal jurisdiction. *Grable,* 545 U.S. at 318.

**ORDER GRANTING MOTION TO REMAND
AND GRANTING COSTS** ~ 5

Federal question jurisdiction will only exist over a state law claim if: "…a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 133 S. Ct. at 1065 (citing *Grable,* 545 U.S. at 312). If a state claim "can be supported by alternate and independent theories—one of which is a state law theory and one of which is a federal law theory" federal question jurisdiction does not exist. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012) (citation omitted).

References to Title VII in a complaint supporting only state law claims do not create federal jurisdiction. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir. 1996); *see also Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (holding that "the mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists.").

## ANALYSIS

From the onset, it must be noted that Plaintiff did not explicitly allege a federal cause of action. Plaintiff's Complaint contains four sections: (1) PARTIES, JURSIDCTION AND VENUE; (2) FACTS; (3) CAUSES OF ACTION; and (4) PRAYER FOR RELIEF. ECF No. 1-2. Under the CAUSES OF ACTION section, Plaintiff only alleged state law claims and made no reference to federal law or HIPAA. The only mention of federal law exists in the FACTS section. This suggests that Plaintiff, as master of his Complaint, never intended to present a federal cause of action, nor implicate a significant federal issue.

Plaintiff's references to HIPAA in the FACTS section of his Complaint does not confer federal question jurisdiction. To the extent Defendants believe that a HIPAA violation provides the Public Policy element of Plaintiff's Wrongful

Discharge in Violation of Public Policy claim, *Webb* forecloses this argument.[1] As *Webb* explained, federal jurisdiction is not present even if a state cause of action relies on a HIPAA violation as an element of the claim. *Webb*, 499 F.3d at 1083.

At best, the reference to HIPAA in the FACTS section is an alternate, independent theory, and under well-established case law the federal issue is not necessarily raised, which is required under the *Grable* test. *See Bank of Am. Corp.*, 672 F.3d at 675. Consequently, because Plaintiff alleges state law violations as a basis for the public policy element, the alleged HIPAA violations are not a necessary element of Plaintiff's claim.

Additionally, Defendants fail to meet their burden of established federal jurisdiction because relying on the two HIPAA references in the FACTS section of the Complaint to authorize this Court to hear what is essentially a state law cause of action would upset the congressionally approved federal-state division-of-labor balance—another *Grable* factor.

Also, HIPAA does not have a federal, private cause of action and this weighs against finding jurisdiction. *Grable*, 545 U.S. at 318. The attempt to use the two HIPAA references to establish federal jurisdiction is a reach-around of congressional intent because there is great significance in the "congressional determination to preclude federal private remedies." *Merrell Dow*, 478 U.S. at

---

[1] Under Washington law, to establish a Wrongful Discharge in Violation of Public Policy claim, the plaintiff has to prove:
    (1) the existence of a clear public policy (the *clarity* element);
    (2) that discouraging the conduct in which the plaintiff engaged would jeopardize the public policy (the jeopardy element),
    (3) that the public-policy-linked conduct caused the dismissal (the causation element), and
    (4) that [t]he defendant [has not] offer[ed] an overriding justification for the dismissal [of the plaintiff] (the absence of justification element).
*Rickman v. Premera Blue Cross*, 184 Wash. 2d 300, 310, (2015) (citations omitted).

**ORDER GRANTING MOTION TO REMAND
AND GRANTING COSTS** ~ 7

1  814. As such, there is no substantial federal interest in adjudicating Plaintiff's
2  state law claims.
3       Likewise, Plaintiff's reference to federal anti-discrimination laws in the
4  FACTS section of his Complaint does not confer federal subject matter
5  jurisdiction. Notwithstanding the fact that the Complaint never cites to, nor
6  mentions Title VII, clear precedent establishes that even actual reference to Title
7  VII in the Complaint does not necessarily present a Title VII cause of action and
8  does not confer federal question jurisdiction. *Rains,* 80 F.3d at 344; *see also*
9  *Glanton v. Harrah's Entertainment, Inc.*, 2008 WL 4726413 (9th Cir. 2008)
10 (unpublished) (holding that a Nevada state law claim of constructive discharge
11 that requires a violation of Nevada public policy did not provide federal
12 jurisdiction because violations of "EPA, OSHA" and "federal statute regulations"
13 were not the sole means of establishing violations of Nevada public policy.").
14 Plaintiff's single reference to federal laws against discrimination in the FACTS
15 section of his Complaint cannot be a basis for federal jurisdiction.

16                              **ATTORNEYS' FEES**

17      Courts may award attorneys' fees under §1447(c) "only where the
18 removing party lacked an objectively reasonable basis for seeking removal.
19 Conversely, when an objectively reasonable basis exists, fees should be denied."
20 *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).
21      Here, Defendants did not have an objectively reasonable basis for removing
22 this case to federal court. Of the two bases for removal relied on by Defendants,
23 one is precluded by clear precedent (Title VII and *Rains*) and the other (the
24 HIPAA reference) clearly fails the *Grable* test. Additionally, to the extent
25 Defendants believe that the HIPAA reference in the FACTS section provided the
26 public policy element of the Wrongful Discharge in Violation of Public Policy,
27 *Webb* precludes this argument. As such, Plaintiff's request for attorneys' fees is
28 granted.

**ORDER GRANTING MOTION TO REMAND
AND GRANTING COSTS** ~ 8

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Remand, ECF No. 6, is **GRANTED.** The District Court Executive is directed to remand this action to the Spokane County Superior Court.

2. Plaintiff's request to award costs is **GRANTED.** Within 10 days from the date of this Order, Plaintiff is directed to submit his request for reasonable attorneys' fees and costs incurred as a result of the removal. Plaintiff shall provide sufficient documentation to support his request. Defendants shall submit their reply within 7 days from the filing of the request.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 15th day of August, 2016.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING MOTION TO REMAND AND GRANTING COSTS ~ 9**